## SMITH v STATE

Ohio Appeals, 2nd Dist, Greene Co
No. 341. Decided April 20, 1931

G. H. Smith, Xenia, and F. W. Dunkle, Xenia, for Smith.

M. E. McCallister, for State.

HORNBECK, J.

The defense of alibi was clearly interposed. Its force was for the jury under proper instructions. The defendant and his wife testified to a state of facts which, if true, made it impossible for the defendant to have been at the scene of the robbery at the time that it was committed. Their testimony was corroborated in part by the witnesses, Floyd Hilliard and Ida McDonald.

The court charged the jury: "The burden is upon the defendant on the plea of an alibi to establish the facts necessary to constitute the alibi by the preponderance of the evidence. That is, by the greater weight of the evidence." And "if the defendant has established the alibi, as claimed in this case, by the preponderance of the evidence, then the defendant would be entitled to a verdict of acquittal at your hands. And also whether the evidence of the facts constituting the alibi was established by the degree of proof that the law required. That is, by a preponderance of the evidence. The jury should take into consideration all the evidence the jury thinks has been established as to the question of alibi in determining whether on all the evidence submitted, including the evidence as to the alibi, the State has satisfied your minds beyond a reasonable doubt of the guilt of the defendant in this case."

The obligation upon the defendant to establish his defense of alibi by a preponderance of the evidence is specific and incorrect. The qualification is general and standing alone would seem to be correct.

The difficulty, and one which the courts have said can not be met, is to determine which rule of the charge, if, one correct the other incorrect, the jury followed in reaching its verdict.

In the case of Rosa Rapp et al v Magdalena Becker, et al, 4 C. C. N. S., the court says: "Where the court delivers both a correct and an incorrect charge with reference to the same matter and it cannot be determined which instruction the jury followed, it will be regarded as prejudicial error."

The question under consideration is discussed at length in 12 O. Jur. 556.

"Strictly speaking, an alibi is not a defense. The burden is always on the state to show that the defendant was, at the time in question, at a place where he could have committed the crime, and where any reasonable doubt is raised by the evidence as a whole, whether on the state's side, or on the defendant's side, or on both sides jointly, the reasonable doubt belongs to the defendant, and the testimony touching the whereabouts of the defendant at the time the alleged crime was committed could not be especially singled out and subjected to a higher degree of caution and scrutiny than any other part of the evidence in the cause. "Citing Radke v State, 107 Oh St 339 * * * Any instruction which casts upon the defendant the burden of showing that he was elsewhere—in other words, which requires the defendant to bear the burden of proving his alibi—is erroneous."

To like effect, see State v Norman, 103 Oh St 542.

The specific proposition was under consideration in Walters v The State, 39 Oh St 215. The court had charged the jury in part: "This defense, in law, is called alibi. The defendant need not make out his defense of alibi by convincing you beyond reasonable doubt. If he establishes this defense of alibi by a preponderance of evidence, that is enough—you must acquit him. A preponderance of evidence for the alibi will be when it outweighs what the state has produced to the contrary and all the evidence to the contrary. The court says: "We hold this charge to be erroneous" for the reason that the burden of proof was improperly placed upon the defendant.

This case is followed and approved in

Burns v The State, 75 Oh St 407. For a charge somewhat similar to that in the instant case and disapproved by the Court of Appeals, 4th District, Judge Allread of this court sitting, Stevens v State, 26 Oh Ap 63.

Even in civil cases, if the charge is erroneous on the burden of proof prejudice will be presumed.

Cleveland Ry Co. v Goldman, 122 Oh St 73.
Montanari v Haworth, 108 Oh St 14.
Lobar v Smith, 37 Oh Ap 349.

Counsel for the State insist that the law of Sabo v State, 119 Oh St 231, supports the charge in the instant case. In the Sabo case the court spoke of alibi as an independent defense but correctly charged that the burden of proof touching the whereabouts of the defendant at the time of the commission of the crime was upon the State. This is the distinction in the cases.

Our attention is likewise directed to the fact that a general exception only was noted to the charge on behalf of defendant. This was sufficient. The error was one of commission.

The cause will be reversed and remanded for further proceedings according to law.

ALLREAD, PJ, and KUNKLE, J, concur.